(96 Misc. Rep. 283)

### PUBLIC SERVICE COMMISSION, SECOND DIST., v. FOX.

(Supreme Court, Special Term, Albany County.   July 11, 1916.)

LICENSES ⬅️14(2)—VEHICLES.

Under Transportation Corporations Law, § 26, as added by Laws 1915, c. 667, one operating a vehicle carrying passengers, charging 15 cents or less, making regular trips morning and evening, must obtain permission from the local authorities to use the streets, and also a certificate of public convenience, although his passengers are only the employés of a manufacturing plant, who formed a "mutual transportation club," since the vehicle is not altogether free from risk to passengers, or lacking in elements of menace to other travelers upon the highway.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 26; Dec. Dig. ⬅️14(2).]

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition for injunction by the Public Service Commission, Second District, against Ansel Y. Fox. Petition granted.

Ledyard P. Hale, of Albany, Counsel to Public Service Commission, Second District, for petitioner.

Edgar Denton, Jr., of Elmira, for defendant.

RUDD, J. The petition asks for an injunction restraining the defendant from operating a vehicle for the carrying of passengers for hire regularly each business day through, along, and upon the streets of the city of Elmira, for the reason that defendant has neither obtained a certificate of public convenience and necessity, as required by section 26 of the Transportation Corporations Law, as added by Laws 1915, ch. 667, nor has defendant procured the consent of the local authorities of the city of Elmira. The defendant admits the allegations of the petition as to failure to obtain certificate and local consent.

The defendant is operating a horse-drawn vehicle carrying passengers at a rate of fare of 15 cents or less through the streets of Elmira. The capacity of the vehicle is 33 passengers. Regular trips are made morning and evening.

The defendant attempts to justify his operation of this vehicle by showing that his passengers are the employés, and only the employés, of a certain manufacturing plant; that these employés have formed, under legal advice, a "mutual transportation club"; and that only members thereof ride, each paying, when he does ride, a fare of 5 cents. All of which does not permit the defendant to ignore the requirement of the statute, which, for well-considered and well-understood reasons, must and should call upon this defendant to apply for and obtain from the local authorities of the city of Elmira permission thus to use its streets.

Such a vehicle, while it may accommodate those who have the privilege to use it, is really, under the conditions of present-day traffic, not altogether free from risks to those who are passengers, nor is it lacking in elements of menace to other travelers upon the highway. The local authorities are given by law the right to impose restrictions and conditions upon the use of city streets by such a vehicle, which constitutes in reality a bus line.

The defendant should also have a certificate of public convenience and necessity.

The prayer of the petition is granted, and judgment may be entered accordingly.